IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PARALYZED VETERANS OF AMERICA, GENE A. CRAYTON, and CRAIG F. ENENBACH,<br><br>Plaintiffs,<br><br>v.<br><br>SHK MANAGEMENT, INC., A PENNSYLVANIA CORPORATION, D/B/A KORMAN COMMUNITIES, INC., WASHINGTON H STREET ASSOCIATES, LLC, A DELAWARE COMPANY, AND KCI INVESTMENT COMPANY, LLC, A PENNSYLVANIA COMPANY.<br><br>Defendants. | Civil Action No. 1:06CV02122-GK |

**JOINT MEET AND CONFER STATEMENT**

In accordance with Local Rule 16.3 and this Court's January 4, 2007 Order Setting Initial Scheduling Conference (the "Order"), counsel for the parties to the above-captioned action conferred in person and via telephone conference on January 4 and 19, 2007, respectively. The parties have reached agreement on a number of matters, as further set forth below. As to matters upon which no agreement has been reached, the parties have set forth below the areas of disagreement and each party's position with respect to that issue. In light of the areas of disagreement, the parties are submitting herewith separate proposed orders.

The parties also include herein a brief statement of the case and the statutory basis for all causes of action and defenses as required by the Order.

**A.      Joint Report Pursuant to Local Rule 16.3(c)**

**1.      Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

The parties disagree on this issue. Plaintiffs believe the case is not likely to be disposed of by dispositive motion prior to the conclusion of discovery, including discovery concerning the design, construction, and alteration of the facility, the ownership of the facility at various times, the relationships among defendants and any other entities associated with the facility, and the factors bearing upon the extent to which removal of barriers to access is readily achievable. Because the

discovery Defendants wish to postpone is factually intertwined with the discovery Defendants acknowledge is necessary, staging of discovery as Defendants suggest would be inefficient and unnecessarily tax Plaintiffs' limited resources. Defendants' purported "dispositive" motion, even were it decided in Defendants' favor, which Plaintiffs do not expect, would not dispose of the case. Significant factual issues would remain for resolution by additional motion and/or trial. Plaintiffs therefore recommend that discovery precede a decision on any dispositive motions.

Defendants believe the case may be disposed of by dispositive motion filed early in the case after limited discovery into the threshold and dispositive issue of whether Defendants designed, constructed or altered the property. Since discovery into that threshold issue is not intertwined with other issues, bifurcating discovery would result in the most efficient and effective use of the parties' resources. Therefore, Defendants recommend that the Court issue an order limiting discovery into the issue of whether Defendants designed, constructed or altered the property, setting a deadline for Defendants to file a dispositive motion, and staying discovery on other issues pending a decision on such a dispositive motion.

If the Court stays discovery pending resolution of a dispositive motion, the parties agree to adjust each of the dates set forth herein by the number of days indicated in parentheses.

**2.    The date by which any other parties shall be joined or the pleadings amended, and whether some or all of the factual and legal issues can be agreed upon or narrowed.**

The parties agree that any additional parties shall be joined or pleadings amended no later than **June 5, 2007** (or 120 days from the date that the Court denies a dispositive motion if discovery has been stayed). The parties agree that the dates set forth herein may need to be extended to permit discovery related to newly joined parties or amended pleadings. In that event, the parties will work in good faith to file with the Court a joint motion to amend the scheduling order, or separate proposed motions, if they are unable to reach agreement.

The parties anticipate that some legal issues may be agreed upon or narrowed. At this early stage of the proceedings, the parties are unable to determine if any factual issues can be agreed upon or narrowed.

**3.    Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties agree that this case should not be assigned to a magistrate judge for all purposes. Defendants consent to the Court referring potential discovery disputes to a magistrate judge.

**4.	Whether there is a realistic possibility of settling the case.**

The parties have held settlement discussions and will continue to do so in an effort to resolve this case amicably.

**5.	Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

Because the parties continue to engage in good faith settlement discussions, they believe the case would not benefit from the Court's ADR procedures at this time.

**6.	Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

The parties have not reached agreement on this issue. Plaintiffs believe the case cannot be disposed of by dispositive motion without the benefit of discovery concerning the design, construction, and alteration of the facility, the ownership of the facility at various times, the relationships among defendants and any other entities associated with the facility, and the factors bearing upon the extent to which removal of barriers to access is readily achievable. As noted above, the discovery Defendants wish to postpone is factually intertwined with the discovery Defendants acknowledge is necessary. What is more, Defendants' purported "dispositive" motion, even were it decided in Defendants' favor, which Plaintiffs do not expect, would not dispose of the case. Significant factual issues would remain for resolution by additional motion and/or trial. Plaintiffs therefore recommend that discovery precede a decision on any dispositive motions.

Defendants believe the case may be disposed of by dispositive motion filed early in the case after limited discovery into the threshold and dispositive issue of whether Defendants designed, constructed or altered the property. Since discovery into that threshold issue is not intertwined with other issues, bifurcating discovery would result in the most efficient and effective use of the parties' resources. Therefore, Defendants recommend that the Court issue an order limiting discovery into the issue of whether Defendants designed, constructed or altered the property, setting a deadline for Defendants to file a dispositive motion, and staying discovery on other issues pending a decision on such a dispositive motion. Defendant proposes limited fact discovery into this threshold issue by March 23, 2007, with any threshold dispositive motion due by April 6, 2007, oppositions thereto due

3

by April 23, 2007, and replies due by April 27, 2007. While Plaintiffs oppose this concept in general for the reasons stated above, Plaintiffs also state that at least 90 days would be required for the "limited" discovery Defendants propose.

The parties agree that upon resolution of any threshold motion, or in the event that discovery is not bifurcated, any summary judgment motions and briefs shall be filed after the close of discovery by **August 24, 2007** (or 200 days from the date that the Court denies a dispositive motion if discovery has been stayed), oppositions to summary judgment motions shall be filed by **September 24, 2007** (or 230 days from the date that the Court denies a dispositive motion if discovery has been stayed), and reply briefs shall be filed by **October 8, 2007** (or 245 days from the date that the Court denies a dispositive motion if discovery has been stayed). The parties respectfully propose that any decision on the motion(s) be made no later than thirty (30) days before the pretrial conference.

**7.    Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties have agreed to make the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., by **February 12, 2006**.

**8.    The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admission, and depositions.**

The parties intend to adhere to the discovery rules established by the Federal Rules of Civil Procedure, including the number and timing of interrogatories, document production, requests for admission, and depositions. The parties do not anticipate the need for a protective order at this time, but reserve the right to request that a protective order be entered in this case. The parties disagree on the placing of limits on the subject matter of discovery. Plaintiffs request that the Court permit discovery concerning all issues relevant to Plaintiffs' claims that Defendant is violating Title III of the ADA and the District of Columbia Human Rights Act, including the design, construction, and alteration of the facility, the ownership of the facility at various times, the relationships among defendants and any other entities associated with the facility, and the factors bearing upon the extent to which removal of barriers to access is readily achievable. As noted above, the discovery Defendants wish to postpone is factually intertwined with the discovery Defendants acknowledge is necessary. What is more, Defendants' proposed "dispositive" motion, even were it decided in

Defendants' favor, which Plaintiffs do not expect, would not dispose of the case. Significant factual issues would remain for discovery and resolution by additional motion and/or trial.

Defendants believe the case may be disposed of by dispositive motion filed early in the case after limited discovery into the threshold and dispositive issue of whether Defendants designed, constructed or altered the property. Since discovery into that threshold issue is not intertwined with other issues, bifurcating discovery would result in the most efficient and effective use of the parties' resources. Therefore, Defendants recommend that the Court issue an order limiting discovery into the issue of whether Defendants designed, constructed or altered the property, setting a deadline for Defendants to file a dispositive motion, and staying discovery on other issues pending a decision on such a dispositive motion. Defendants propose limited discovery into this threshold issue with fact discovery to be concluded by March 23, 2007. The parties agree that upon resolution of any threshold motion, or in the event that discovery is not bifurcated, the parties agree to complete fact discovery by **June 5, 2007** (or 120 days from the date that the Court denies a dispositive motion if discovery has been stayed), and expert discovery by **July 5, 2007** (or 150 days from the date that the Court denies a dispositive motion if discovery has been stayed).

**9.    Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

The parties agree that a proponent's Rule 26(a)(2) statement shall be filed no later than **May 6, 2007** (or 90 days from the date that the Court denies a dispositive motion if discovery has been stayed), and an opponent's Rule 26(a)(2) statement shall be filed no later than **June 5, 2007** (or 120 days from the date that the Court denies a dispositive motion if discovery has been stayed). Depositions of experts should occur after the close of fact discovery and before the close of expert discovery on **July 5, 2007** (or 150 days from the date that the Court denies a dispositive motion if discovery has been stayed).

**10.    In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Not applicable.

**11.     Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The parties agree that the trial should not be bifurcated or managed in phases. Plaintiffs contend that discovery should not be bifurcated or managed in phases because, as set forth above, the discovery Defendants wish to postpone is factually intertwined with the discovery Defendants acknowledge is necessary and Defendants' proposed "dispositive" motion, even were it decided in Defendants' favor, which Plaintiffs do not expect, would not dispose of the case. Significant factual issues would remain for discovery and resolution by motion and/or trial.

Defendants contend that the Court should limit discovery to the threshold issue of whether Defendants designed, constructed or altered the property. As set forth above, discovery into the threshold issue is not intertwined with discovery on other issues. Therefore, Defendants recommend that the Court bifurcate discovery, set a deadline for Defendants to file a dispositive motion, and stay discovery on other issues pending a decision on such a dispositive motion.

**12.     The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter.)**

The parties request that the Court set the pretrial conference for a date **after January 1, 2008**.

**13.     Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties agree that the Court should set a firm trial date at the first scheduling conference.

**14.     Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

None.

**B.     <u>Statement of Case and Statutory Basis for Causes of Action and Defenses</u>**

Plaintiffs allege that the Defendants are in violation of Title III of the Americans with Disabilities Act ("AD"), 42 U.S.C. §§ 12181 *et seq.* and the District of Columbia Human Rights Act of 1977, D.C. Code § 2-1400 *et seq.*, because the Defendants' place of public accommodation in Washington, D.C. is inaccessible to persons with disabilities. Plaintiffs therefore seek, *inter alia*, permanent injunctive relief requiring the Defendants to make architectural alterations to their place

6

of lodging and to modify their discriminatory practices, policies and procedures.

Defendants deny that they are in violation of Title III of the ADA or the District of Columbia Human Rights Act, and deny that Plaintiffs are entitled to permanent injunctive relief. Defendants did not design or construct the property, and are not legally required to undertake any renovations to the property.

| /s/ Gerard P. Finn | /s/ Leo G. Rydzewski |
|---|---|
| Gerard P. Finn (Bar No. 448462) | Leo G. Rydzewski (Bar No. 459979) |
| BINGHAM McCUTCHEN LLP | Christopher Hanback (Bar No. 232579) |
| 2020 K Street, NW | HOLLAND & KNIGHT, LLP |
| Washington, DC 20006-1806 | 2099 Pennsylvania Ave., NW, Suite 100 |
| Tel: (202) 373-6097 | Washington, D.C. 20006 |
| Fax: (202) 373-6001 | Tel: (202) 955-3000 |
| | Fax: (202) 955-5564 |
| Douglas T. Schwarz (admitted *pro hac vice*) | |
| Ted Poretz (admitted *pro hac vice*) | *Attorneys for Defendants* |
| 399 Park Avenue | |
| New York, New York 10022 | |
| Tel: (212) 705-7000 | |

*Attorneys for Plaintiffs*

January 29, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PARALYZED VETERANS OF AMERICA, GENE A. CRAYTON, and CRAIG F. ENENBACH,<br><br>Plaintiffs,<br><br>v.<br><br>SHK MANAGEMENT, INC., A PENNSYLVANIA CORPORATION, D/B/A KORMAN COMMUNITIES, INC., WASHINGTON H STREET ASSOCIATES, LLC, A DELAWARE COMPANY, AND KCI INVESTMENT COMPANY, LLC, A PENNSYLVANIA COMPANY.<br><br>Defendants. | Civil Action No. 1:06CV02122-GK |

**[PLAINTIFFS' PROPOSED]**
**SCHEDULING ORDER**

The parties appeared for a Rule 16 conference on February 5, 2007. Based upon the Joint Meet and Confer Statement and the representations of counsel, it is hereby ORDERED that,

1.  <u>Initial Disclosures</u>.  The parties shall make initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure by **February 12, 2007**.

2.  <u>Discovery Excluding Expert Witness Discovery</u>.  The parties shall complete fact discovery by **June 5, 2007**.  Fact discovery shall be governed by the Federal Rules of Civil Procedure, including the number and timing of interrogatories, document production, requests for admission, and depositions.  All discovery shall be served in a time frame that will permit timely responses, under this Order or pursuant to the Federal Rules of Civil Procedure, by June 5, 2007.  The parties may agree to modify the limits imposed on discovery by the Federal Rules of Civil Procedure.

3.  <u>Joinder of Additional Parties and Amendment of Pleadings</u>.  The parties shall join additional parties and amend pleadings by no later than **June 5, 2007**.

4.  <u>Expert Witness Reports and Depositions</u>.  A proponent's Rule 26(a)(2) statement shall be filed no later than **May 6, 2007** and an opponent's Rule 26(a)(2) statement shall be filed no later than **June 5, 2007**.  Unless otherwise agreed, depositions of the parties' experts shall be conducted after the exchange of the above-referenced reports and shall be completed by **July 5, 2007**.

5. <u>Dispositive Motions</u>. The parties shall file motions for summary judgment, if any, by **August 24, 2007**; oppositions to summary judgment motions shall be filed by **September 24, 2007**; and reply briefs in support of motions for summary judgment shall be filed by **October 8, 2007**.

6. <u>Pre-Trial Conference and Trial</u>. The court will set a pre-trial conference after **January 1, 2008** at which time a trial date will be set.

7. <u>Modification of this Order</u>. This Order shall control the subsequent course of this action, unless modified by agreement of the parties and approved by the Court or modified by the Court for good cause shown.

8. The requirements of LCvR 83.2(c) that attorneys not a member of the bar of this Court must be joined by an attorney who is a member of the bar of this Court, and that all papers submitted must be signed by an attorney who is a member of the bar of this Court, are hereby waived, providing that the attorney who is not a member of the bar of this Court has been admitted *pro hac vice* in this action.

SO ORDERED.

_____
Gladys Kessler
United States District Court Judge

DATED:_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PARALYZED VETERANS OF AMERICA, GENE A. CRAYTON, and CRAIG F. ENENBACH,<br><br>Plaintiffs,<br><br>v.<br><br>SHK MANAGEMENT, INC., A PENNSYLVANIA CORPORATION, D/B/A KORMAN COMMUNITIES, INC., WASHINGTON H STREET ASSOCIATES, LLC, A DELAWARE COMPANY, AND KCI INVESTMENT COMPANY, LLC, A PENNSYLVANIA COMPANY.<br><br>Defendants. | Civil Action No. 1:06CV02122-GK |

**[DEFENDANTS' PROPOSED]**
**SCHEDULING ORDER**

The parties appeared for a Rule 16 conference on February 5, 2007. Based upon the Joint Meet and Confer Statement and the representations of counsel, and pursuant to the provisions of Fed. R. Civ. P. 16(b) and Local Rule 16.4, it is hereby:

**ORDERED,** that the parties shall exchange Rule 26(a)(1) disclosures by no later than February 12, 2007. It is further

**ORDERED,** that discovery shall be bifurcated, with the first phase of discovery limited to the issue of whether Defendants designed, constructed or altered the property located at 1710 H Street NW, Washington, D.C. The following schedule shall control the conduct of the first phase of discovery:

| **Event** | **Deadline** |
|---|---|
| Fact Discovery | March 23, 2007 |
| Threshold Dispositive Motions | April 6, 2007 |
| Response to Threshold Dispositive Motions | April 23, 2007 |
| Reply to Threshold Dispositive Motions | April 27, 2007 |

In the event that the Court denies the threshold dispositive motions, the following schedule shall control the conduct of this case (deadlines indicated are the number of days from the Order denying the threshold dispositive motions):

| **Event** | **Deadline** |
|---|---|
| Proponent's Rule 26(a)(2) statement | 90 days |
| Opponent's Rule 26(a)(2) statement | 120 days |
| Fact Discovery | 120 days |
| Deadline for Amendment of Pleadings | 120 days |
| Expert Discovery | 150 days |
| Expert Witness Depositions | 150 days |
| Deadline for Dispositive Motions | 200 days |
| Response to Dispositive Motions | 230 days |
| Reply to Dispositive Motions | 245 days |

Pretrial Conference (date to be determined by the Court)

Trial (date to be determined by the Court)

**SO ORDERED.**

Dated:_____          _____
                                     Gladys Kessler
                                     United States District Court Judge