UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PARALYZED VETERANS<br>OF AMERICA, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>SHK MANAGEMENT, INC.,<br>D/B/A KORMAN<br>COMMUNITIES, INC., ET AL.<br><br>Defendants. | Civil Action No. 1:06CV02122-GK |

## ANSWER OF DEFENDANT KCI INVESTMENT CO., LLC

Defendant KCI Investment Co., LLC (incorrectly listed as KCI Investment Company, LLC) ("Defendant"), by and through its undersigned counsel, hereby answers the allegations contained in Plaintiffs Paralyzed Veterans of America, Gene A. Crayton, and Craig F. Enenbach's Complaint. Defendant states, as an initial matter, that it is an innocent party who did not design, construct or alter the building located at 1710 H Street N.W., Washington, D.C. ("1710 H Street"). For that and other reasons, Defendant may not be held liable to Plaintiffs under Title III of the ADA.

Defendant gives notice that it may rely on the following defenses in defending against the Complaint. Defendant does not hereby assume any burden of proof that otherwise would rest upon Plaintiffs. Defendant, by listing such defenses, does not concede, explicitly or implicitly, that any or all of the listed defenses are affirmative defenses. Defendant also does not by listing its defenses (here or elsewhere in the Answer) limit Defendant's ability to present any defense that does not need to be identified by Answer.

## **FIRST DEFENSE**

Defendant responds to the allegations contained within Plaintiffs' Complaint in the order stated therein.

## **NATURE OF THE ACTION**

The first opening paragraph is Plaintiffs' characterization of the pleading and does not require a factual response. To the extent that a response is deemed necessary, Defendant denies those allegations contained in the first opening paragraph.

## **JURISDICTION AND VENUE**

1.    Defendant admits that Plaintiffs purport to bring an action under the Americans With Disabilities Act, but denies that it violated any of the statutes cited or that Plaintiffs are entitled to any relief. Defendant does not have sufficient knowledge to admit or deny the allegations concerning Plaintiffs motivation for filing the Complaint, and on that basis denies the allegation that Plaintiffs filed the Complaint to redress the deprivation of rights, privileges and immunities. Defendant denies the remaining allegations contained in paragraph 1 of the Complaint because they call for a legal conclusion.

2.    Defendant denies the allegations contained in paragraph 2 of the Complaint because they call for a legal conclusion.

3.    Defendant denies the allegations contained in paragraph 3 of the Complaint because they call for a legal conclusion.

## **PARTIES**

4.    Defendant does not have sufficient knowledge to admit or deny the allegations contained in the first four sentences of Paragraph 4 of the Complaint, and on that basis denies the allegations. Defendant does not have sufficient knowledge to admit or deny the allegation that

PVA's officers, members and employees who use wheelchairs for mobility want to stay at 1710 H Street when visiting PVA's headquarters, and on that basis denies the allegation. Defendant denies the remaining allegations contained in paragraph 4 of the Complaint.

5. Defendant does not have sufficient knowledge to admit or deny the allegations contained in paragraph 5 of the Complaint, and on that basis denies the allegations.

6. Defendant does not have sufficient knowledge to admit or deny the allegations contained in paragraph 6 of the Complaint, and on that basis denies the allegations.

7. Defendant admits that Defendant SHK Management, Inc. is a corporation organized under the laws of Pennsylvania with its corporate office at 450 Plymouth Road, Suite 300, Plymouth Meeting, Pennsylvania. Defendant denies that SHK Management, Inc.'s principal place of business is located at 2 Neshaminy Interplex, Trevose, Pennsylvania.

8. Defendant admits the allegations contained in paragraph 8 of the Complaint.

9. Defendant admits that Defendant KCI Investment Co., LLC (incorrectly listed as KCI Investment Company, LLC) is a limited liability company organized under the laws of Delaware with its corporate office at 450 Plymouth Road, Suite 300, Plymouth Meeting, Pennsylvania. Defendant denies that KCI Investment Co., LLC's principal place of business is located at 2 Neshaminy Interplex, Trevose, Pennsylvania.

## FACTS COMMON TO ALL CLAIMS

10. Defendant admits that Washington H Street Associates, LLC owns 1710 H Street. Defendant admits that 1710 H Street has a fitness center and a business center. Defendant admits that 1710 H Street has between 101 and 150 one and two bedroom suites. Defendant does not have sufficient knowledge to admit or deny the allegation that 1710 H Street is located

less than one block from PVA's national headquarters, and on that basis denies the allegation. Defendant denies the remaining allegations contained in paragraph 10 of the Complaint.

11. Defendant denies the allegation that all suites at 1710 H Street can be reserved and rented by any member of the general public by various means, including by using an internet-based reservation system.

12. Defendant denies the allegations contained in paragraph 12 because Plaintiffs have not defined in the Complaint what they mean by the capitalized term "the Project."

13. Defendant denies that 1710 H Street was constructed after January 26, 1992. Defendant denies that 1710 H Street was first occupied after January 25, 1993. Defendant admits that 1710 H Street was altered after January 26, 1992. The remaining allegations contained in paragraph 13 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations contained in paragraph 13 of the Complaint.

14. The allegations contained in paragraph 14 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant admits that 1710 H Street does not designate any suites for use by individuals with disabilities who require the use of wheelchairs for mobility, but denies that it is required to do so or that Plaintiffs are entitled to any relief. The remaining allegations contained in paragraph 15 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations contained in paragraph 15 of the Complaint.

16. Defendant does not have sufficient knowledge to admit or deny the allegations contained in paragraph 16 of the Complaint, and on that basis denies the allegations.

17. Defendant does not have sufficient knowledge to admit or deny the allegations contained in paragraph 17 of the Complaint, and on that basis denies the allegations.

18. The allegations contained in paragraph 18 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. The allegations contained in paragraph 19 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. The allegations contained in paragraph 20 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. The allegations of paragraph 21 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. The allegations contained in paragraph 22 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. The allegations contained in paragraph 23 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. The allegations contained in paragraph 24 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. The allegations contained in paragraph 25 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. The allegations contained in paragraph 26 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. The allegations contained in paragraph 27 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. The allegations contained in paragraph 28 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. The allegations contained in paragraph 29 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. The allegations contained in paragraph 30 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. The allegations contained in paragraph 31 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. The allegations contained in paragraph 32 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. The allegations contained in paragraph 33 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. The allegations contained in paragraph 34 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. The allegations contained in paragraph 35 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. The allegations contained in paragraph 36 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 36 of the Complaint.

## FIRST CAUSE OF ACTION
### (Americans with Disabilities Act)

37. Defendant incorporates its responses to paragraphs 1 through 36, reaffirmed and incorporated herein by reference.

38. The allegations contained in paragraph 38 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant

Case 1:06-cv-02122-GK   Document 13   Filed 01/29/2007   Page 8 of 14

Case 1:06-cv-02122-GK   Document 13   Filed 01/29/2007   Page 8 of 14

denies that the language quoted in paragraph 38 of the Complaint is a complete quotation of Title III of the ADA.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. Defendant admits the allegations contained in paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint, including all of its subparts.

42. The allegations contained in paragraph 42 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. The allegations contained in paragraph 43 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. The allegations contained in paragraph 44 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. The allegations contained in paragraph 45 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 45 of the Complaint.

46. Defendant admits that 1710 H Street had communications with Plaintiffs prior to Plaintiffs' filing of the Complaint. Defendant denies the remaining allegations contained in paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in paragraph 50 of the Complaint.

51. Defendant admits that Plaintiffs have prayed for judgment, but denies that Defendant has violated the statute cited or that Plaintiffs are entitled to any relief. Defendant denies the remaining allegations contained in paragraph 51 of the Complaint.

WHEREFORE, Defendant prays for judgment in its favor with an award of its attorney's fees and costs.

## SECOND CAUSE OF ACTION
### (District of Columbia Human Rights Act)

52. Defendant incorporates its responses to paragraphs 1 through 51, reaffirmed and incorporated herein by reference.

53. The allegations contained in paragraph 53 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 53 of the Complaint.

54. The allegations contained in paragraph 54 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 54 of the Complaint.

55. The allegations contained in paragraph 55 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies that the language contained in paragraph 55 of the Complaint is a complete summary of the District of Columbia Human Rights Act, and denies the remaining allegations contained in paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in paragraph 60 of the Complaint.

61. Defendant denies the allegations contained in paragraph 61 of the Complaint.

WHEREFORE, Defendant prays for judgment in its favor with an award of its attorney's fees and costs.

## PRAYER FOR RELIEF

62. Defendant denies the requests contained in the Prayer for Relief, including all of its subparts.

## TO THE COMPLAINT AS A WHOLE

Defendant denies each and every allegation in Plaintiffs' Complaint that is not expressly admitted in this Answer. Defendant reserves the right to assert additional defenses and matters in avoidance that may be disclosed by additional investigation and discovery.

## SECOND DEFENSE

### (Personal Jurisdiction)

Plaintiffs' claims are barred by this Court's lack of personal jurisdiction over Defendant KCI Investment Co., LLC. (incorrectly listed as KCI Investment Company, LLC).

## THIRD DEFENSE

### (Lack of Standing)

One or all of the Plaintiffs lacks standing to raise the claims raised herein.

## FOURTH DEFENSE

### (Failure to State a Claim)

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

## FIFTH DEFENSE

### (Title III Does Not Apply To Defendant)

Title III of the ADA does not apply to Defendant because it did not design, construct or alter 1710 H Street. Defendant has acted in good faith at all times towards Plaintiffs, with a reasonable belief that it was not violating Title III of the ADA and without any intent to deprive any Plaintiff of any rights under Title III of the ADA.

## SIXTH DEFENSE

### (Waiver, Estoppel, Laches, Equitable Estoppel, or Unclean Hands)

Plaintiffs' claims are barred by the doctrines of waiver, estoppel, laches, equitable estoppel, or unclean hands.

## SEVENTH DEFENSE

### (No Proximate Cause)

Plaintiffs have suffered no damages that were proximately caused by, or in fact caused by, any action or conduct of this Defendant.

## EIGHTH DEFENSE

### (No Injunctive Relief)

To the extent Plaintiffs' Complaint requests an injunction requiring Defendant to fully comply with all requirements of the Americans with Disabilities Act, Title III, Defendant asserts that such relief is not available in this case. Defendant is not subject to liability under Title III's design, construction or alteration provisions, or to Title III's barrier removal provisions. Even if the barrier removal provisions applied to 1710 H Street, Defendant asserts that injunctive relief, if any, is available only to the extent that 1710 H Street does not meet the "readily achievable" requirements for existing facilities under the ADA.

## NINTH DEFENSE

### (Necessary Party)

Plaintiff has failed to name a necessary party to this action.

## TENTH DEFENSE

### (No Expert Fees and Costs)

To the extent Plaintiffs' Complaint requests expert witness fees and costs, Defendant asserts that such relief is not available under the ADA. The ADA merely provides discretion to the Court to allow the prevailing party a reasonable attorney's fee, including litigation expenses, and costs.

## ELEVENTH DEFENSE

### (Independent, Intervening or Superseding Cause)

Plaintiffs' alleged injuries and damages, if any, were solely and proximately caused by the independent, intervening, or superseding acts or omissions of other parties or persons for whom this answering Defendant is not liable or responsible and over whom this answering Defendant exercised no control.

## TWELFTH DEFENSE

### (Comparative Fault)

Plaintiffs' alleged injuries and damages, if any, were contributed to by the fault, neglect, and want of care of persons or parties other than Defendant for whose acts or omissions Defendant is not liable or responsible and over whom Defendant exercised no control, and any liability or responsibility for damages sustained by Plaintiffs is thereby barred or, in the alternative, should be apportioned in accordance with applicable law.

## THIRTEENTH DEFENSE

### (Failure to Mitigate)

To the extent Plaintiffs may have sustained injuries and/or damages as alleged in the Complaint, Plaintiffs have failed to mitigate damages as required by applicable law.

## FOURTEENTH DEFENSE

### (Alteration of Inventory)

The ADA does not require a public accommodation to alter its inventory to include accessible or special goods that are designed for, or facilitate use by, individuals with disabilities. To the extent that Plaintiffs' Complaint requests any such alteration of inventory, Defendant asserts that 1710 H Street is not required to provide it.

## FIFTEENTH DEFENSE

### (Necessary for Provision of Goods and Services)

To the extent Plaintiffs' Complaint requests modifications in policies, practices, or procedures, Defendant asserts that such modifications are not required under the ADA because making such modifications would fundamentally alter the nature of the goods, services, facilities, privileges, advantages or accommodations provided at 1710 H Street.

## SIXTEENTH DEFENSE

### (Lack of Discovery)

Defendant has not yet had an opportunity to conduct discovery in this case. Accordingly, Defendant reserves the right to assert each and every additional defense, counter-claim or cross-claim as they may be revealed by further investigation and discovery.

## SEVENTEENTH DEFENSE

### (Trial By Jury)

Plaintiffs are entitled to trial by jury only to the extent provided by law.

### PRAYER

WHEREFORE, having fully answered the allegations contained in the Complaint, Defendant prays the Court:

(a) enter judgment in Defendant's favor, and dismiss with prejudice the Complaint filed by Plaintiffs;

(b) award Defendant its costs and expenses incurred in the defense of this Complaint, including reasonable attorneys' fees to the extent permitted by applicable law; and

(c) grant Defendant such other and further relief as is just and proper.

January 29, 2007                             Respectfully submitted,


HOLLAND & KNIGHT LLP


By: _____/s/ Leo G. Rydzewski_____
    Leo G. Rydzewski (Bar No. 459979)
    Christopher Hanback (Bar No. 232579)
    2099 Pennsylvania Ave., NW, Suite 100
    Washington, D.C. 20006
    (202) 955-3000  Phone
    (202) 955-5564  Fax
    Christopher.hanback@hklaw.com
    Leo.Rydzewski@hklaw.com

*Counsel to Defendants*

# 4330279_v1