UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PARALYZED VETERANS<br>OF AMERICA, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>SHK MANAGEMENT, INC.,<br>D/B/A KORMAN<br>COMMUNITIES, INC., ET AL.<br><br>Defendants. | Civil Action No. 1:06CV02122-GK |

## ORDER OF DISMISSAL

THIS CAUSE came before the Court upon the Motion for Voluntary Dismissal. IT IS HEREBY

ORDERED that the Motion is GRANTED. It is further

ORDERED that this action is dismissed without prejudice. It is further

ORDERED that the Court will retain jurisdiction over this action for two years from the date of the Motion, requested which the Court deems necessary and for any additional time period by the parties or Ordered by the Court for the purpose of construing and enforcing the terms of the parties' settlement agreement, if necessary, some of the essential terms of which are as follows:

1.     Defendants have denied and continue to deny that they have violated any laws pertaining to access for persons with disabilities at the H Street Facility. Defendants maintain that they are innocent parties who did not design, construct or alter the H Street Facility. Neither this Agreement, nor any actions taken by Defendants in satisfaction of this Agreement, constitute, or may be construed as, an admission of any liability or wrongdoing, or recognition of the validity of any allegations of fact or law made by Plaintiffs in this action.

2.     In consideration for Defendants' agreement to make the Sleeping Room Renovations (as defined below) and to pay the amounts and provide the sleeping room credits described below, except to enforce this Agreement, Plaintiffs, individually and collectively, and

in all other capacities related to or arising from any aspect of this matter and on behalf of them and their parents, subsidiaries, families, heirs, beneficiaries, devisees, executors, administrators, trustees, attorneys, personal representatives, agents, predecessors, successors and assigns release, remise, and forever discharge Defendants and all of their respective present, former or future officers, directors, shareholders, principals, employees, parent companies, subsidiaries, affiliates, predecessors, successors, general or limited partners, servants, representatives, attorneys, trustees, consultants, independent contractors, fiduciaries, insurers, and assigns of and from all past and/or present claims, demands, charges, complaints, debts, obligations, liabilities, reckonings, promises, covenants, agreements, contracts, controversies, suits, actions, arbitrations, causes of action, judgments, damages, costs, expert or attorneys' fees, in law or in equity, whether known or unknown, foreseen or unforeseen, asserted or unasserted, which Plaintiffs ever had, may have had, or now has against Defendants or any of them, or any employee or agent of any of them, arising from or related in any way to any act, incident, events, or omission at the H Street Facility prior to the effective date hereof (hereinafter "Claim" or "Claims").  This release, waiver and discharge of Claims includes, but is not limited to, all Claims that were or could have been alleged to arise from or are related in any way to all matters at issue in the action, including claims for injunctive or declaratory relief or attorneys fees, based upon Title III of the ADA and its promulgated rules and regulations and the D.C. Human Rights Act relating to or concerning access for persons with disabilities relating to the H Street Facility.  Plaintiffs have acknowledged that they are aware that they, or their attorneys, may hereafter discover facts different from or in addition to those which they or their attorneys now know or believe to be true with respect to the Claims of every kind so released, and the parties have agreed that this release shall be and remain in effect as a full and complete release of the Parties released thereby notwithstanding any such different or additional facts.

       3.      Within six (6) months of execution of the Settlement Agreement, Defendants will make two (2) sleeping rooms at 1710 H Street NW, Washington, DC (the "H Street Facility") accessible in accordance with Appendix A to Part 36 – Standards of Accessible Design ("ADAAG Standards"), one (1) of which will have a roll-in shower.  Within eighteen (18) months of execution of this Agreement, Defendants will make three (3) additional sleeping rooms at the H Street Facility accessible in accordance with the ADAAG Standards, one (1) of which will have a roll-in shower.  Upon satisfaction of these obligations, Defendants will have made a total of five (5) sleeping rooms at the H Street Facility accessible in accordance with the ADAAG standards, two (2) of which will have roll-in showers (hereinafter the "Sleeping Room Renovations").

       4.      Plaintiffs and Defendants shall attempt to resolve informally any dispute over the renovation plans.  In accordance with the Parties' settlement agreement, in the event the parties are unable to resolve their disagreement, including through mediation, the Parties shall jointly petition the Court on a timely basis to determine whether the Defendants' renovation plans will satisfy paragraph 3, above.

       5.      Defendants shall submit applications for building permits to the local government authorities.  In accordance with the Parties' settlement agreement, in the event the local government authorities require modifications, the Parties shall cooperate to amend the application in a manner that will result in local government approval and compliance with the ADAAG Standards, and if the Parties are unable to agree, including through mediation, the

Parties shall jointly petition the Court on a timely basis to determine whether the Defendants' renovation plans will satisfy paragraph 3, above.

6. Upon reasonable notice, Defendants will provide Plaintiffs reasonable access to the H Street Facility at least once every two weeks for the purpose of monitoring the construction of the sleeping rooms affected by the Sleeping Room Renovations, and shall give timely notice of any contention that the Sleeping Room Renovations are being undertaken contrary to the Final Renovation Plans.

7. Plaintiffs shall have three weeks after receiving written notice that the renovations are complete to finally inspect the sleeping rooms, and shall notify Defendants in writing within one week of the inspection of any contention that Defendants have failed to comply with the renovation plans. In accordance with the Parties' settlement agreement, if the parties are unable to resolve any disagreement, including through mediation, the Parties shall jointly petition the Court on a timely basis to determine whether Defendants have complied with the final renovation plans.

8. Defendants will pay Plaintiffs Thirty-Two Thousand Two Hundred and Fifty Dollars ($32,250.00) within ten days of the Order of Dismissal in the form and substance set forth in Exhibit A, in accordance with the parties' settlement agreement. In the event the Court issues the proposed Order of Dismissal in the form and substance set forth in Exhibit A, Defendants will also provide Plaintiffs with a sleeping room credit of Ten Thousand Dollars ($10,000.00) to be used within five years from the date of the Court Order at the rental rates of Two Hundred Eighty-Five ($285.00) per night for a one-bedroom and Three Hundred Ninety-Five ($395.00) per night for a two-bedroom.

9. The Parties each reserve the right to petition the Court for attorneys' fees and expenses incurred in enforcing this Order.

Dated Aug. 15, 2007            _Gladys Kessler_
                                United States District Judge